1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Bonnie Ohlinger, on behalf of herself and all
similarly situated persons,

Plaintiff

v.

Marsh USA, Inc., et al.,

Defendants

Case No. 2:16-cv-02588-JAD-CWH

**Order Granting Motion to Dismiss
NRS Chapter 608 Claims**

**[ECF No. 10]**

Bonnie Ohlinger claims that her employer Marsh USA violated the Federal Labor Standards Act (FLSA) and various Nevada state labor laws when requiring her and similarly situated employees to work more than 40 hours a week.  Marsh moves to dismiss Ohlinger's state-law claims, arguing that Nevada does not recognize a private right of action for violating NRS Chapter 608, rather the power to enforce those laws is vested entirely in Nevada's Labor Commissioner.[1]  For the reasons I explained in *Cardoza v. Bloomin' Brands, Inc.*,[2] I agree and grant the motion to dismiss.

### Discussion

In addition to an FLSA claim, Ohlinger pleads claims under NRS 608.005, 608.016, and 608.018 (overtime pay), NRS 608.115 (failure to maintain records), NRS 608.040 (failure to pay discharged employee's earned but unpaid wages), and NRS 608.140 (attorney's fees in wage action).[3]  Marsh moves to dismiss these claims, which are collectively contained in counts two and three of the complaint, arguing that NRS Chapter 608 does not provide a private right of action to

---

[1] ECF No. 10.

[2] *Cardoza v. Bloomin' Brands, Inc.*, 2014 WL 3748641, **1–3 (D. Nev., July 30, 2014).

[3] ECF No. 1-2 (complaint, claims 2 and 3).

1

maintain a civil suit for violation of these state statutes.[4]  Ohlinger mainly rests her private-right-of-action argument on two points[5] of Nevada authority: (1) NRS 608.140, which allows the court to award certain categories of employees attorney's fees in a "suit for wages earned and due according to the terms of his or her employment," and (2) a footnote in the Nevada Supreme Court's opinion in *Baldonado v. Wynn Las Vegas, LLC*, which recognizes that "a private cause of action to recover unpaid wages is entirely consistent with the express authority under NRS 608.140 to bring private actions for wages unpaid and due."[6]

    In *Cardoza v. Bloomin' Brands, Inc.*, I considered and rejected the same arguments that Ohlinger advances here.  Like Ohlinger, Cardoza pled wage claims under both the FLSA and NRS Chapter 608.  I dismissed the state-law claims after concluding that Nevada's statutory scheme does not afford the right to bring a civil suit for violations of these labor laws.[7]  Like Ohlinger, Cardoza attempted to bootstrap a private right to enforce other provisions of Chapter 608 from NRS 608.140, which the Nevada Supreme Court acknowledged in *Baldonado v. Wynn*[8] "expressly recognize[s] a civil enforcement action to recoup unpaid wages."  But after I considered the statute's text and legislative history,[9] I concluded that NRS 608.140 does not create a vehicle for privately enforcing the legal rights conferred by the other provisions of Chapter 608; it merely establishes a fee-shifting mechanism in an employee's "suit for wages earned and due according to the terms of his or her employment."[10]  Ohlinger has not persuaded me otherwise.

    The *Baldonado* footnote does not undermine this conclusion.  It merely acknowledges a

---

[4] ECF No. 10.

[5] ECF No. 21.

[6] *Baldonado v. Wynn Las Vegas,* 194 P.3d 96, 104 n.33 (Nev. 2008).

[7] *Cardoza*, 2014 WL 3748641, **1–3.

[8] 194 P.3d at 104 n.33.

[9] *Cardoza*, 2014 WL 3748641, **1–2, incorporated herein.

[10] Nev. Rev. Stat. § 608.140.

secondary effect of NRS 608.140: this attorney's fee provision merely "recognize[s] a civil enforcement action to recoup unpaid wages."[11]  It was logical for the *Baldonado* court to frame the issue this way because the right to sue for unpaid wages existed in Nevada before NRS 608.140 was enacted and exists independent of Chapter 608.[12]  So, unlike plaintiff, I do not read *Baldonado* to hold "that employees such as Ms. Ohlinger have standing to recover unpaid wages, including overtime, under NRS 608.005 et seq."[13]  Instead, I continue to hold that employees may recover unpaid wages under Nevada law if those sums were earned and due according to the terms of their employment, but they do not enjoy a private right of action for violations of NRS Chapter 608.[14] Those violations are for the Labor Commissioner to sort out.[15]

. . .

---

[11] *Baldonado*, 194 P.2d at 705 n.33.

[12] *See, e.g.*, *Walser v. Moran*, 173 P. 1149 (Nev. 1918) (allowing claim for breach of employment contract); *Siebert v. Smith*, 239 F. 396 (Nev. 1925) (recognizing viability of claim wages in equity).

[13] ECF No. 21 at 5.  Because I find that *Baldonado*'s language does not prove that Nevada recognizes a private right of action for violations of NRS Chapter 608, I take no stock in the Ninth Circuit's statement in *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 532 (2013), that the statute "does provide a private right of action to recoup unpaid wages."  The statement is dicta, and the panel cites only to *Baldonado* to support it.  And neither *Baldonado* nor the statute's plain language and legislative history supports the characterization of this provision as one that "provide[s]" a private right of action rather than one that merely recognizes that wage claims are—and have long been—available.  *See supra* at pp. 2–3.

[14] To the extent that other trial courts have reached a contrary result, *see* ECF No. 21 at 6–11 (collecting authority), I respectfully disagree with their conclusions.

[15] *See* Nev. Rev. Stat. § 607.160 et seq.; Nev. Rev. Stat. § 608.180; *Baldonado*, 194 P.3d at 104 ("the labor statutes . . . require the Labor Commissioner to hear and decide complaints seeking enforcement of the labor laws"; "the Labor Commissioner is charged with knowing and enforcing the labor laws; these responsibilities acknowledge a special expertise as to those laws" and "[i]mplicit in the Labor Commissioner's obligation to know and enforce the labor laws is the duty to hear and resolve labor law complaints").

3

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Defendants' Motion to Dismiss [Doc. 10] is GRANTED.** Plaintiff's second and third claims are dismissed with prejudice.

DATED March 29, 2017.

_____
Jennifer A. Dorsey
United States District Judge

4