UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE OHLINGER, | Case No. 2:16-cv-02588-JAD-CWH |
| Plaintiff, | |
| v. | |
| MARSH USA, INC., | **ORDER** |
| Defendant. | |

Presently before the Court is Defendant Marsh USA, Inc.'s motion for leave to file under seal (ECF No. 34), filed on July 7, 2017. Plaintiff filed a notice of non-opposition (ECF No. 37) on July 24, 2017. Defendant seeks leave to file the parties' joint motion to approve settlement (ECF No. 35).

Motions to seal are generally disfavored, in deference to the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* When determining whether a record should be sealed, the court must attempt to balance the competing interests of the public and the party seeking to seal the record. *Id.* at 1179. When attempting to balance these competing interests, the potential embarrassment, incrimination, or exposure to further litigation do not by themselves constitute compelling reasons. *Id.* A court may seal a record only upon a finding of "compelling reasons," in the case of exhibits attached to dispositive motions, or "good cause" for discovery materials. *Id.* at 1178-1179.

Here, Defendant moves to seal the parties' joint motion to approve their settlement of

Plaintiff's Fair Labor Standards Act ("FLSA") claim. While there is no controlling authority on this question, this Court joins the majority of Ninth Circuit Courts that consider motions to seal a motion to approve settlement and the accompanying settlement agreement under the compelling reasons standard. *See e.g., Luo v. Zynga Inc.*, WL 5814763, at *2 (N.D. Cal. Oct. 29, 2013). Plaintiff argues in favor of sealing the records in order to protect Defendant's privacy, and because publicizing the settlement agreement would encourage further litigation from potential Plaintiffs. As to Defendant's concerns about encouraging further litigation, this rationale was explicitly rejected in *Kamakana*, so the Court will not consider it. The only other support Defendant offers is its privacy interest, which the Court acknowledges is substantial. However, a generalized assertion of privacy interest is not by itself a compelling reason to seal public records. The Court will therefore deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's motion to seal (ECF No. 34) is DENIED. The Clerk shall UNSEAL the parties' joint motion to approve settlement (ECF No. 35).

DATED: August 2, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge